## EXHIBIT A

| | |
|---|---|
| **JEFFERSON COUNTY DISTRICT COURT, COLORADO**<br><br>Address of Court:    100 Jefferson County Parkway<br>                            Golden, CO 80401<br>                            Phone: 720-772-2500 | DATE FILED: April 27, 2018 3:17 PM<br>FILING ID: 6DBF536B5A501<br>CASE NUMBER: 2018CV30676 |
| **Plaintiff: JRC EXTERIOR SOLUTIONS**<br><br>v.<br><br>**Defendant: OWNERS INSURANCE COMPANY** | ▲**FOR COURT USE ONLY**▲ |
| **ATTORNEY FOR PLAINTIFF:**<br>Jonathan E. Bukowski, Esq.<br>Colorado Bar No. 45614<br>Larry E. Bache, Esq.<br>Colorado Bar No. 51958<br>MERLIN LAW GROUP, P.A.<br>1001 17th Street, Suite 1150<br>Denver, CO 80202<br>Phone: 720-665-9680<br>Fax: 720-665-9681<br>E-Mail: jbukowski@merlinlawgroup.com<br>E-Mail: lbache@merlinlawgroup.com | Case Number:<br><br>Div.:        Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** Plaintiff, JRC EXTERIOR SOLUTIONS, by and through its undersigned counsel, and hereby submits this its Complaint against Defendant, OWNERS INSURANCE COMPANY, and in support of its Complaint, alleges and avers as follows:

### PARTIES

1.      Plaintiff, JRC Exterior Solutions ("Plaintiff" or "JRC") is a Colorado sole proprietorship with its principal office in Brighton, Colorado.

2.      Upon information and belief, Defendant, Owners Insurance Company ("Owners"), is an insurance company licensed with the State of Colorado with the Division of Insurance

engaged in the business of issuing property and casualty insurance policies insuring commercial and other properties in the State of Colorado.

## JURISDICTION AND VENUE

3.      This Court has subject matter and personal jurisdiction over the parties to this cause of action.

4.      A cause of action exists under Colorado state law for claims regarding the conduct complained of herein.

5.      Jurisdiction is proper as to Owners pursuant to Colorado Revised Statutes § 13-1-124(1)(a), (b), and (d) because Owners conducted the business at issue in this action, committed tortious misconduct and contracted to insure property within Jefferson County, Colorado.

6.      Venue is proper pursuant to Col.R.Civ.P. 98 because it is the venue in which the cause of action accrued and where the insured property in question is located.

## FACTS COMMON TO ALL COUNTS

7.      Designer Marble of Colorado, Inc. ("Designer Marble"), is the owner of real property located at 190 South Taft Street, Lakewood, Colorado 80228-2209 ("Property").

8.      Designer Marble purchased a Commercial Property Coverage Policy of insurance from Owners under Policy Number 124632-74052795-13 (the "Policy").[1]

9.      The Policy provides $580,500.00 in property damage coverage for Plaintiff's Property.

10.     The Policy includes a deductible in the amount of $500.00.

11.     The Policy is an all risk policy of insurance.

12.     The Policy is a replacement cost value policy and covers loss to the Property.

---

[1] Plaintiff is not in possession of a Certified Copy of the Policy.

13.     The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

14.     The Policy does not require that the Property sustain functional damage for coverage to be afforded to direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

15.     The Policy does not include a cosmetic exclusion.

16.     Under the Policy, Owners is obligated to pay for direct physical loss and damage to the insured Property resulting from hail and wind.

17.     Under the Policy, Owners agreed to adjust all losses fairly and timely.

18.     Designer Marble paid the premiums due under the Policy in a timely manner.

19.     Designer Marble performed all duties and responsibilities required of it under the Policy.

20.     Designer Marble duly executed an Assignment of Insurance Claim with JRC Exterior Solutions ("JRC"). A true and accurate copy of the Assignment is attached hereto as **Exhibit "A."**

21.     On or about May 8, 2017, during the Policy period, the Property suffered direct physical loss and/or damage resulting from hail and/or wind.

22.     The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

23.     The direct physical loss and/or damage resulting from the hail and/or wind was timely reported to Owners.

24.     Owners assigned Claim Number 74-260-2017 to the Property loss.

25.     Owners assigned its adjuster, Tom Houle, to investigate and adjust the direct physical loss and/or damage to the Property resulting from hail and/or wind that occurred on or about May 8, 2017.

26.     On or about May 30, 2017, Owners representative, Tom Houle, provided an estimate which outlined $14,584.45 in replacement cost value covered damages. A copy of Owners First Damage Estimate is attached hereto as **Exhibit "B."**

27.     Owners' First Damage Estimate included only nineteen line items.

28.     Owners' First Damage Estimate did not include, among other items:

(a)     Removal and replacement of 25.00 linear feet of flash parapet wall on the Property's modified bitumen roofing system

(b)     4.00 hours of roofer for repairs on the Property's modified bitumen roofing system

(c)     Door replacement on the Property's exterior elevations in excess of $15,00.00

(d)     Scaffolding for siding replacement of the Property's exterior elevations in excess of $1,400.00

(e)     Removal and replacement of 943.93 square feet of commercial high grade steel siding

(f)     Removal and replacement of 2.00 aluminum horizontal slider windows on the exterior elevations of the Property

29.     Each of the line items outlined in Paragraph 28 were provided by Owners in its Second Damage Estimate nearly ten months later in March 2018.

30.     As a result of Owners' poor investigation, Front Range Consulting ("Front Range"), a Colorado state licensed public adjusting firm, was retained to assist in the adjustment of the claim for direct physical loss and damage to the Property resulting from a hail and/or wind storm occurring on or about May 8, 2017.

31.     On or about November 9, 2017, Owners' representative, Tom Houle, performed a reinspection of the Property.

32.     Owners reassigned the claim to a new adjuster, Geoff Page.

33.     On or about January 4, 2018, Front Range provided Owners with a damage estimate outlining $79,047.30 in replacement cost value covered damages to the Property. A copy of Front Range's Damage Estimate is attached hereto as **Exhibit "C."**

34.     On or about March 14, 2018, Owners' representative, Geoff Page, performed a second reinspection of the Property.

35.     On or about March 27, 2018, Owners provided Front Range which a revised damage estimate which outlined $29,241.65 in replacement cost value covered damages. A copy of Owners' Second Damage Estimate is attached hereto as **Exhibit "D."**

36.     Owners' Second Damage Estimate provided for recoverable depreciation in the amount of $16,031.29.

37.     Owners' Second Damage Estimate included an additional $14,657.20 in covered damages that were not provided Owners' Second Damage Estimate.

38.     Owners' failure to include $14,657.20 in covered damages within its Second Damage Estimate that were subsequently identified in its Second Damage Estimate resulted in the delay of payment of $14,657.20 in covered benefits without a reasonable basis.

39.     Despite the complexity of the repairs outlined within its Second Damage Estimate, Owners' Second Damage Estimate failed to include general contractor overhead and profit.

40.     Owners' failure to include general contractor overhead and profit has led to the delay and denial of covered benefits without a reasonable basis.

41.     On or about April 6, 2018, Front Range requested that Owners provide an extension of time to claim the recoverable depreciation outlined in its Second Damage Estimate.

42.     On or about April 9, 2018, Owners denied any extension of time to claim the recoverable depreciation outlined in its Second Damage Estimate.

43.     Owners' failure to pay the claim in full has resulted in a breach of contract.

44.     Owners' failure to pay the claim in full has resulted in an unreasonable delay and denial of $49,805.65 in covered benefits without a reasonable basis.

45.     It is apparent from Owners' conduct that Owners adopted a plan or approach to delay, as much as possible, its handling and payment of the claim.

46.     Plaintiff has fulfilled all duties required of it under the Policy after discovery of the loss.

47.     Plaintiff has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of Owners.

### FIRST CLAIM FOR RELIEF
#### (Breach of Contract)

48.     Plaintiff realleges and reaffirms Paragraphs 1-47 as if fully set forth herein.

49.     Owners issued an all risk policy requiring Owners to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

50.     The Policy is a binding contract.

51.     Owners received premiums pursuant to the Policy.

52.     Plaintiff otherwise performed all conditions precedent to recovery of benefits under its Policy with Owners.

53.     Owners has denied certain covered damages and continues to delay and deny certain claimed damages.

54.     Owners' failure to honor its obligations under the Policy is a breach of contract.

55.     Owners' breach of contract has damaged, and continues to damage Plaintiff.

56.     Plaintiff is entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiff, JRC Exterior Solutions, respectfully requests this Court enter judgment against, Defendant, Owners Insurance Company, for damages resulting from its breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

57.     Plaintiff realleges and reaffirms Paragraphs 1-56 as if fully set forth herein.

58.     Under the Policy and Colorado law, Owners had a duty to act reasonably and in good faith in the handling of Plaintiff's claim.

59.     Under the Policy and Colorado law, Owners had a duty to act with ordinary, reasonable diligence in investigating the claims submitted by Plaintiff and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

60.     Under the Policy and Colorado law, Owners owes Plaintiff the duty of good faith and fair dealing.

61.     Owners had the non-delegable duty to investigate the claim objectively and to not look for ways to deny benefits or attempt to not pay the full amount owed.

62.     Owners owed Plaintiff the duty to give equal consideration to the financial interests of its insured and not to give greater consideration to its own financial interests while investigating and adjusting its insured's claims.

63.     Owners had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claim presented to it, and then properly evaluate and timely pay those claims.

64.     Owners sold Designer Marble the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

65.     Owners knew that the Policy was purchased to protect the Property in the event of a loss.

66.     Plaintiff has cooperated with Owners in the processing of the claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

67.     Plaintiff has cooperated with Owners in the investigation of the claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

68.     Plaintiff has not erected any obstacles to Owners' ability to investigate Plaintiff's claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

69.     Plaintiff has not erected any obstacles to Owners' ability to evaluate Plaintiff's claim for covered benefits resulting from a hail and/or wind storm occurring on or about May 8, 2017.

70.     Owners disregarded the validity of Plaintiff's claim for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about May 8, 2017.

71.     Owners failed to treat Plaintiff's interests with equal regard to its own.

72.     Owners mischaracterized the evidence to the benefit of itself.

73.     Owners failed to be open and honest in its dealings with Plaintiff.

74.     Owners failed to conduct a full, fair, and prompt investigation of the claim.

75.     Owners underpaid Plaintiff's claim without conducting a thorough investigation in an attempt to effectuate a deceptively low settlement.

76.     Owners underpaid Plaintiff's claim by failing to objectively evaluate Plaintiff's claim based on all available evidence, and not just evidence which Owners believes supports its position.

77.     Owners decision to underpay the benefits owed to Plaintiff was intentional and not accidental.

78.     Owners knew that its denial to pay the benefits owed would cause Plaintiff financial hardship.

79.     Owners failed to assist Plaintiff with the presentation of its claim.

80.     Owners breached its duty of good faith and fair dealing by failing to conduct a proper investigation of the loss.

81.     Owners breached its duty of good faith and fair dealing by conducting an outcome oriented investigation of Plaintiff's loss.

82.     Owners breached its duty of good faith and fair dealing by underpaying Plaintiff's claim without having documented a reasonable investigation based upon all information

83.     Owners failed to conduct a thorough and timely investigation of Plaintiff's claim in accordance with insurance industry claims handling standards and practices.

84.     Among other circumstances, Owners has committed unfair settlement practices including, without limitation:

> (a)     Owners has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;
> (b)     Owners has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
> (c)     Owners refuses to pay claims without conducting a reasonable investigation based upon all available information;
> (d)     Owners has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
> (e)     Owners has compelled Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;
> (f)     Owners has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

(g)     Owners has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

(h)     Owners encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

85.     Owners' claims representatives, including Tom Houle and Geoff Page, received incentive-based compensation to close quickly or reduce claim payments.

86.     Owners representatives, including Tom Houle and Geoff Page, received income-based compensation to reduce claims payments made to Plaintiff on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

87.     Owners improperly denied Plaintiff's claim by providing financial incentives to its personnel, including Tom Houle and Geoff, to determine claims handling.

88.     Owners improperly set various claims handling goals to reduce the amount paid on claims.

89.     Owners improperly denied Plaintiff's claim to reduce overall claims payments.

90.     Owners improperly denied Plaintiff's claim to increase profits.

91.     Owners improperly denied Plaintiff's claim to maintain its loss ratio.

92.     Owners improperly denied Plaintiff's claim to meet department goals.

93.     Owners' conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Plaintiff.

94.     Owners improperly denied Plaintiff's claim by motivating its claims department to pay less on claims that are otherwise owed.

95.     Owners improperly denied Plaintiff's claim to reduce the average amount paid on overall claims.

96.    Owners has committed unfair claim settlement practices as alleged in the preceding paragraphs of Plaintiff's Complaint.

97.    Owners' conduct constitutes a bad faith breach of the insurance contract.

98.    Owners has committed such actions with such frequency as to indicate a general business practice.

99.    As a direct and proximate result of Owners' actions, Plaintiff has:

   (a)   incurred increased costs to repair, restore and/or replace the significant property damage;
   (b)   suffered damages as a proximate result of the misconduct alleged; and
   (c)   suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, appraisal costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, JRC Exterior Solutions, respectfully requests this Court enter judgment against Defendant, Owners Insurance Company, for damages resulting from bad faith breach of insurance contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits**
**Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

100.    Plaintiff re-alleges and reaffirms Paragraphs 1-99 as though fully set forth herein.

101.    Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

102.    Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

103.     Plaintiff is a first-party claimant within the meaning of Colorado Revised Statute §
10-3-1115(1)(b)(1).

104.     Plaintiff suffered a loss covered by the Policy and submitted a claim for that loss to
Owners.

105.     The claimed loss and damage submitted under claim number 214-414-16 was
covered by the Policy and Plaintiff was owed covered benefits under the Policy.

106.     Owners delayed payment of covered benefits without a reasonable basis for its
actions.

107.     Owners denied payment of covered benefits without a reasonable basis for its
actions.

108.     Among other circumstances, Owners has unreasonably delayed and denied covered
benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of Plaintiff's
Complaint.

109.     Owners delayed and denied payment of covered benefits without a reasonable basis
for its action by failing to properly investigate its insured's loss.

110.     Owners delayed and denied payment of covered benefits without a reasonable basis
for its action by failing to timely investigate its insured's loss.

111.     Owners delayed and denied payment of covered benefits without a reasonable basis
for its action by issuing a first damage estimate without having documented a reasonable
investigation based upon all information.

112.     Owners delayed and denied payment of covered benefits without a reasonable basis
for its action by failing unnecessarily prolonging its investigation of Plaintiff's claim.

113.    Owners delayed and denied payment of covered benefits without a reasonable basis for its action by failing providing Plaintiff with an inadequate settlement offer.

114.    Owners delayed and denied payment of covered benefits without a reasonable basis for its action by omitting obvious covered damages in an effort to effectuate a deceptively low settlement.

115.    Owners unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by improperly withholding general contract overhead and profit associated with the repair of Plaintiff's Property.

116.    Owners delayed and denied payment of covered benefits without a reasonable basis for its action by providing two damage estimates which did not include all covered damages.

117.    Despite clear evidence of covered damages to the Property, Owners continued to delay and deny indemnification of its own insured without a reasonable basis for doing.

118.    Owners delayed and denied payment of covered benefits without a reasonable basis for its action as demonstrated by its most recent payment in excess of $30,000.00 than its initial estimate.

119.    Owners' actions in the adjustment of Plaintiffs' claim demonstrate an unmistakable complete delay of its Insureds benefits without a reasonable basis for its actions.

120.    Owners unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by forcing Plaintiff to retain its own professionals to help properly adjust the loss.

121.    Despite receipt of Plaintiffs' comprehensive estimate, Owners denied and delayed payment of covered benefits without a reasonable basis for doing so.

122.     Owners unreasonably delayed and denied Plaintiff's claim to reduce overall claims payments.

123.     Owners unreasonably delayed and denied Plaintiff's claim to increase profits.

124.     Owners unreasonably delayed and denied Plaintiff's claim to maintain its loss ratio.

125.     Owners unreasonably delayed and denied Plaintiff's claim to meet department goals.

126.     Owners unreasonably delayed and denied Plaintiff's claim by providing financial incentives to its personnel, including Tom Houle and Geoff Page, to determine claims handling.

127.     Owners unreasonably delayed and denied Plaintiff's claim by motivating its claims department to pay less on claims, such as Plaintiff's claim for damages, than what is otherwise owed.

128.     Owners unreasonably delayed and denied Plaintiff's claim to reduce the average amount paid on overall claims.

129.     Owners unreasonably delayed and denied Plaintiff's claim by asserting coverage positions that it knew were without merit.

130.     Owners' actions were intended to dissuade Plaintiff in pursuing benefits due and owing under the terms of the policy in bad faith.

131.     Based upon the foregoing Paragraphs is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, JRC Exterior Solutions, respectfully requests this Court enter judgment against Defendant, Owners Insurance Company, for damages authorized pursuant to

Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

### REQUEST FOR JURY TRIAL

132.    Plaintiff requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 27th day of April, 2018

/s/ Jonathan Bukowski
Larry E. Bache, Jr., Esq.
Colorado Bar No.: 51958
Jonathan E. Bukowski, Esq.
Colorado Bar No.: 45614
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone:  720-665-9680
Facsimile:   720-665-9681
E-Mail: lbache@merlinlawgroup.com
E-Mail: jbukowski@merlinlawgroup.com



DATE FILED: April 27, 2018 3:17 PM
FILING ID: 6DBF536B5A501
CASE NUMBER: 2018CV30676

**11684 Granby Street, Brighton, CO  80603**

**303-916-1488 Gary Dexter ……. 720-345-8802 Greg Gappa**

### ASSIGNMENT OF INSURANCE CLAIM From Client to Contractor

The undersigned Insured and JRC Exterior Solutions in consideration for the services to be performed as defined in the contract signed on __11/6/17__, hereby transfers and assigns to JRC Exterior Solutions any and all of the Insured's rights, benefits and proceeds due to Insured under any applicable insurance policies pertaining to the insurance claim(s) identified as Claim(s) No.: (74-260-201-1)(214-414-16) covering loss sustained at the Insured's property at __190 S. Taft St. Lakewood, CO 80228__ (address). This transfer and assignment of rights also includes any right of the Insured to collect for extra contractual damages, consequential damages, common law damages and statutory damages. This transfer and assignment allows the Contractor to file a lawsuit in the Contractor's name to collect the proceeds assigned herein and hire a public adjuster in relation to this claim.

Client agrees that if the Insured's insurance company tries to pay the proceeds to the Insured and/or Insured's mortgage lender, the Insured will assist JRC Exterior Solutions to have those insurance proceeds made payable to JRC Exterior Solutions.

IN WITNESS WHERE OF, the undersigned have caused this transfer and assignment of insurance claim to be duly executed this _____9th_____ day of _November_, 2017.

ASSIGNOR(S): (Insured Name)                    ASSIGNEE: JRC Exterior Solutions

Printed Name                                   Printed Name

_LONNIE THOMPSON_                              _Tom Howle_

Signature                                      Signature

DENTON LAURENT
Notary Public · State of Colorado
Notary ID 20174007535
My Commission Expires Feb 17, 2021

EXHIBIT A

*Claim # 74-260-201-*



**Owners Insurance Company**

Bloomfield Branch

DATE FILED: April 27, 2018 3:17 PM
FILING ID: 6DBF536B5A501
CASE NUMBER: 2018CV30676

CLAIM #: 74-260-2017
DATE OF LOSS: 5/8/17
RE: **COMMERCIAL REPAIR CLAIM**

Dear **Designer Marble of Colorado**

In review and verification of your loss, we believe that the enclosed repair estimate is an acceptable amount to repair or replace your covered damaged property. Please refer to this estimate as it provides a breakdown of the following amounts: actual cash value, replacement cost and deductible.

The initial payment enclosed is the actual cash value of your covered damaged property, less any applicable policy deductible. Actual cash value is calculated based on state law and your policy.

- **Recoverable Depreciation: If you have replacement cost coverage and you complete the repairs, you may claim an additional payment up to $** 4,883.70

- **Non-Recoverable Depreciation: $**_____

If there are any cost differences or newly discovered covered damage not included in the enclosed repair estimate, immediately report that information to the claims office above. We must be given the opportunity to inspect and verify these differences.

> You may make a further claim and receive up to the recoverable depreciation amount shown above, if you have the applicable coverage and complete the following:
>
> 1. **Notify us within 180 days after the loss or damage of your intent to make a replacement cost claim.**
> 2. **Complete the repair or replacement as soon as reasonably possible after the loss or damage.**
>
> To receive the replacement cost payment, please submit the following to the address above:
>
> - The contractor's final invoice, photos of repaired property and other documentation we may further request. We reserve the right to inspect the repaired property.
>
> If approved, _____ Owners _____ Insurance Company will reimburse you up to the actual cost of covered repairs incurred or the depreciation that was withheld, whichever is less.

Please consider a contractor that is licensed, insured and bonded. We do not guarantee or warranty the contractor's work.

Only you, your lien holders or mortgagees have a legal interest to authorize repairs. Your mortgagee often has the right of inspection and approval.

Thank you for your business and the opportunity to service your insurance needs. If you have any questions at all, please contact our office.

This is not a SWORN STATEMENT IN PROOF OF LOSS as required by the policy. A PROOF OF LOSS must still be submitted to the company within 60 days of the date of loss stated above.

All rights, terms, conditions, and exclusions in the policy are in full force and effect and are completely reserved. No action by any employee, agent, attorney or other person on behalf of _____ Owners _____ Insurance Company; or hired by _____ Owners _____ Insurance Company on your behalf; shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy.

Thank you for your business and the opportunity to service your insurance needs. If you have any questions at all, please contact our office.

98109 (2-17)          Applicable to: Commercial Property and Businessowners.          OVER

EXHIBIT B

ALABAMA STATUTES PROVIDE THAT "Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution, fines, or confinement in prison, or any combination thereof."

ARIZONA STATUTES PROVIDE THAT "For your protection Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties."

ARKANSAS STATUTES PROVIDE THAT "Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison."

COLORADO STATUTES PROVIDE THAT "It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies."

FLORIDA STATUTES PROVIDE THAT "Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree."

IDAHO STATUTES PROVIDE THAT "Any person who knowingly, and with intent to defraud or deceive any insurance company, files a statement of claim containing any false, incomplete, or misleading information is guilty of a felony."

INDIANA STATE STATUES PROVIDE THAT "A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony."

KENTUCKY STATUTES PROVIDE THAT "Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime."

MINNESOTA STATUTES PROVIDE THAT "A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime."

OHIO STATUTES PROVIDE THAT "Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud."

PENNSYLVANIA STATUTES PROVIDE THAT "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties" and "Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000."

TENNESSEE STATUTES PROVIDE THAT "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits."

VIRGINIA STATUTES PROVIDE THAT "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits."

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX  75402

Ph:972-673-0984
Fax: 972-673-0988

| | | | |
|---|---|---|---|
| Insured: | Designer Marble of Colorado INC DBA Benray | Home: | (303) 980-9110 |
| | Designer Marble | E-mail: | None |
| Property: | 190 S Taft St | | |
| | Lakewood, CO 80228 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Jeremy Montgomery, CSI Representative | Business: | (317) 840-2073 |
| | | Cellular: | (317) 840-2073 |
| | | E-mail: | jeremymonte@gmail.com |

| | | | |
|---|---|---|---|
| Estimator: | Jeremy Montgomery, CSI Representative | Business: | (317) 840-2073 |
| | | E-mail: | jeremymonte@gmail.com |

| | | | |
|---|---|---|---|
| Reference: | | Business: | (844) 296-4053 x 2296 |
| Company: | Auto-Owners Catastrophe Claims Branch C/O CSI | E-mail: | AOCat@aoins.com |
| Business: | Po Box 30660 | | |
| | Lansing, MI 48909-8160 | | |

**Claim Number:** 074-0000260-2017   **Policy Number:** 12463274052795   **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 5/10/2017 5:00 PM | | |
| Date of Loss: | 5/8/2017 5:00 PM | Date Received: | 5/9/2017 8:00 PM |
| Date Inspected: | 5/17/2017 12:00 PM | Date Entered: | 5/19/2017 7:53 AM |

| | |
|---|---|
| Price List: | CODE8X_MAY17 |
| | Restoration/Service/Remodel |
| Estimate: | DESIGNER_MARBLE |

**NOTICE:** This is a repair estimate only and not an offer of settlement.  All estimate figures may be subject to additional company review and approval.  This is not an authorization to repair or guarantee of payment.  Authorization to repair and/or guarantee of payment must come from the owner of the property.  The insurer assumes no responsibility for the quality nor any deficiencies in repairs.



**Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

### DESIGNER_MARBLE

#### Front Elevation



**Front Elevation Metal**                                               Height: 4"

| | |
|---|---|
| 54.77 SF Walls | 1410.00 SF Ceiling |
| 1464.77 SF Walls & Ceiling | 850.00 SF Floor |
| 94.44 SY Flooring | 164.30 LF Floor Perimeter |
| 164.30 LF Ceil. Perimeter | |

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 1. R&R Siding - aluminum (.024 thickness) | | | | | | | | | |
| | 850.00 SF | 5.95 | 196.99 | 5,254.49 | 15/50 yrs | Avg. | 30% | (1,471.80) | 3,782.69 |
| 2. R&R Sectional overhead door, 14' x 10' | | | | | | | | | |
| | 4.00 EA | 1,376.39 | 280.50 | 5,786.06 | 15/35 yrs | Avg. | 42.86% | (2,357.73) | 3,428.33 |
| Allowance to replace two 20 x 14 overhead doors. Xactimate does not have 20 x 14 doors. Doors are 280 sqft each. | | | | | | | | | |
| 3. R&R Wrap garage door frame & trim with aluminum (PER LF)* | | | | | | | | | |
| | 96.00 LF | 11.94 | 14.26 | 1,160.50 | 15/50 yrs | Avg. | 30% | (297.18) | 863.32 |
| 4. Exterior light fixture - Detach & reset | | | | | | | | | |
| | 1.00 EA | 64.01 | 0.00 | 64.01 | 15/NA | Avg. | 0% | (0.00) | 64.01 |
| 5. R&R Steel door, 3' x 7' | | | | | | | | | |
| | 1.00 EA | 229.43 | 12.68 | 242.11 | 15/100 yrs | Avg. | 15% | (34.39) | 207.72 |
| 6. Door lockset - Detach & reset | | | | | | | | | |
| | 1.00 EA | 21.80 | 0.00 | 21.80 | 15/NA | Avg. | 0% | (0.00) | 21.80 |
| 7. Paint door slab only - 2 coats (per side) | | | | | | | | | |
| | 1.00 EA | 28.16 | 0.48 | 28.64 | 15/15 yrs | Avg. | 100% [M] | (28.64) | 0.00 |

| **Totals: Front Elevation Metal** | | | **504.91** | **12,557.61** | | | | **4,189.74** | **8,367.87** |
|---|---|---|---|---|---|---|---|---|---|



**Front Elevation Wood**                                               Height: 4"

| | |
|---|---|
| 20.67 SF Walls | 184.00 SF Ceiling |
| 204.67 SF Walls & Ceiling | 97.51 SF Floor |
| 10.83 SY Flooring | 62.00 LF Floor Perimeter |
| 62.00 LF Ceil. Perimeter | |

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 8. Clean with pressure/chemical spray | | | | | | | | | |
| | 155.01 SF | 0.33 | 0.12 | 51.27 | 5/NA | Avg. | 0% | (0.00) | 51.27 |
| Allowance to pressure wash prior to painting. | | | | | | | | | |

DESIGNER_MARBLE

5/30/2017         Page: 2

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX  75402

Ph:972-673-0984
Fax:  972-673-0988

### CONTINUED - Front Elevation Wood

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 9.  Paint wood siding - 1 coat | | | | | | | | | |
| | 97.51 SF | 0.67 | 1.61 | 66.94 | 5/15 yrs | Avg. | 33.33% | (22.32) | 44.62 |
| 10.  Paint exterior soffit - wood - 1 coat | | | | | | | | | |
| | 34.50 SF | 1.07 | 0.49 | 37.41 | 5/15 yrs | Avg. | 33.33% | (12.47) | 24.94 |
| Paint from the wood siding is continuous with the soffit. | | | | | | | | | |
| 11. Paint exterior fascia - 1 coat - wood, 6"- 8" wide | | | | | | | | | |
| | 23.00 LF | 1.07 | 0.24 | 24.85 | 5/15 yrs | Avg. | 33.33% | (8.28) | 16.57 |
| 12.  Reglaze window, 10 - 16 sf | | | | | | | | | |
| | 1.00 EA | 125.07 | 5.28 | 130.35 | 5/18 yrs | Avg. | 27.78% | (36.21) | 94.14 |
| 13.  R&R Window screen, 10 - 16 SF | | | | | | | | | |
| | 1.00 EA | 51.67 | 3.34 | 55.01 | 5/30 yrs | Avg. | 16.67% | (8.63) | 46.38 |
| 14.  R&R Glazing bead - Vinyl | | | | | | | | | |
| | 5.00 LF | 1.73 | 0.22 | 8.87 | 5/18 yrs | Avg. | 27.78% | (2.06) | 6.81 |
| Allowance to repair hail damage. | | | | | | | | | |
| **Totals:  Front Elevation Wood** | | **11.30** | **374.70** | | | | | **89.97** | **284.73** |
| **Total:  Front Elevation** | | **516.21** | **12,932.31** | | | | | **4,279.71** | **8,652.60** |

### Right Elevation

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 15.  R&R Glazing bead - Vinyl | | | | | | | | | |
| | 5.00 LF | 1.73 | 0.22 | 8.87 | 5/18 yrs | Avg. | 27.78% | (2.06) | 6.81 |
| 16.  R&R Downspout - aluminum - up to 5"* | | | | | | | | | |
| | 74.00 LF | 5.79 | 11.54 | 440.00 | 5/25 yrs | Avg. | 20% | (81.64) | 358.36 |
| **Totals:  Right Elevation** | | **11.76** | **448.87** | | | | | **83.70** | **365.17** |

### Business Personal Property

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 17.  Table type row desk | | | | | | | | | |
| | 4.00 LF | 75.96 | 18.05 | 321.89 | 5/10 yrs | Avg. | 50% | (160.95) | 160.94 |

DESIGNER_MARBLE

5/30/2017     Page: 3



**Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX  75402

Ph:972-673-0984
Fax:  972-673-0988

## CONTINUED - Business Personal Property

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| Totals:  Business Personal Property | | | 18.05 | 321.89 | | | | 160.95 | 160.94 |

### Location 1 Sign

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 18.  R&R Commercial sign face | | | | | | | | | |
| | 24.00 SF | 29.36 | 45.00 | 749.64 | 5/10 yrs | Avg. | 50% | (359.34) | 390.30 |
| Allowance to replace damaged sign. | | | | | | | | | |
| Totals:  Location 1 Sign | | | 45.00 | 749.64 | | | | 359.34 | 390.30 |

### Debris Removal

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 19.  Haul debris - per pickup truck load - including dump fees | | | | | | | | | |
| | 1.00 EA | 131.74 | 0.00 | 131.74 | 0/NA | Avg. | NA | (0.00) | 131.74 |
| Restoration Debris | | | | | | | | | |
| Totals:  Debris Removal | | | 0.00 | 131.74 | | | | 0.00 | 131.74 |
| Line Item Totals:  DESIGNER_ MARBLE | | | 591.02 | 14,584.45 | | | | 4,883.70 | 9,700.75 |

[%] - Indicates that depreciate by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

DESIGNER_MARBLE

5/30/2017        Page: 4

EXHIBIT B

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX  75402

Ph:972-673-0984
Fax:  972-673-0988

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 75.43 | SF Walls | 1,594.00 | SF Ceiling | 1,669.43 | SF Walls and Ceiling |
| 947.51 | SF Floor | 105.28 | SY Flooring | 226.30 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 226.30 | LF Ceil. Perimeter |
| 947.51 | Floor Area | 947.51 | Total Area | 75.43 | Interior Wall Area |
| 280.40 | Exterior Wall Area | 210.30 | Exterior Perimeter of Walls | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Location 1 Bldg1 | 13,512.92 | 92.65% | 9,149.51 | 94.32% |
| Location 1 Business Personal Property | 321.89 | 2.21% | 160.94 | 1.66% |
| Location 1 Sign 1 | 749.64 | 5.14% | 390.30 | 4.02% |
| Total | 14,584.45 | 100.00% | 9,700.75 | 100.00% |

DESIGNER_MARBLE

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX  75402

Ph:972-673-0984
Fax:  972-673-0988

### Summary for Location 1  Bldg1

| | |
|---|---:|
| Line Item Total | 12,984.95 |
| Material Sales Tax | 527.97 |
| **Replacement Cost Value** | **$13,512.92** |
| Less Depreciation | (4,363.41) |
| **Actual Cash Value** | **$9,149.51** |
| Less Deductible | (500.00) |
| **Net Claim** | **$8,649.51** |
| Total Recoverable Depreciation | 4,363.41 |
| **Net Claim if Depreciation is Recovered** | **$13,012.92** |

_____
Jeremy Montgomery, CSI Representative

DESIGNER_MARBLE

5/30/2017        Page: 6



## Catastrophe Specialist, Inc.

2708 Sunset Strip Ste D
Greenville, TX  75402

Ph:972-673-0984
Fax:  972-673-0988

### Summary for Location 1 Business Personal Property

| | |
|---|---:|
| Line Item Total | 303.84 |
| Material Sales Tax | 18.05 |
| **Replacement Cost Value** | **$321.89** |
| Less Depreciation | (160.95) |
| **Actual Cash Value** | **$160.94** |
| **Net Claim** | **$160.94** |
| Total Recoverable Depreciation | 160.95 |
| **Net Claim if Depreciation is Recovered** | **$321.89** |

Jeremy Montgomery, CSI Representative

DESIGNER_MARBLE

5/30/2017          Page: 7

 **Catastrophe Specialist, Inc.**

Catastrophe Specialist,Inc

2708 Sunset Strip Ste D
Greenville, TX  75402

Ph:972-673-0984
Fax:  972-673-0988

## Summary for Location 1 Sign 1

| | |
|---|---:|
| Line Item Total | 704.64 |
| Material Sales Tax | 45.00 |
| **Replacement Cost Value** | **$749.64** |
| Less Depreciation | (359.34) |
| **Actual Cash Value** | **$390.30** |
| **Net Claim** | **$390.30** |
| Total Recoverable Depreciation | 359.34 |
| **Net Claim if Depreciation is Recovered** | **$749.64** |

_____

Jeremy Montgomery, CSI Representative

DESIGNER_MARBLE

EXHIBIT B

Insured:      Designer Marble of Colorado, Inc. DBA Benray
              Designer Marble
Property:     190 S Taft St
              Lakewood, CO 80228

DATE FILED: April 27, 2018 3:17 PM
FILING ID: 6DBF536B5A501
CASE NUMBER: 2018CV30676

Claim Rep.:   Douglas W. Clark
Position:     Public Adjuster
Business:     7830 W. Alameda Ave. Ste 103-338
              Lakewood, CO 80226

Business:     (303) 517-7155
E-mail:       dclark@frclaims.com

Estimator:    Douglas W. Clark
Position:     Public Adjuster
Business:     7830 W. Alameda Ave. Ste 103-338
              Lakewood, CO 80226

Business:     (303) 517-7155
E-mail:       dclark@frclaims.com

**Claim Number:** 074-260-17      **Policy Number:** 12463274052795      **Type of Loss:** Hail

Date of Loss:    5/8/2017          Date Received:
Date Inspected:                    Date Entered:    12/5/2017 3:30 PM

Price List:      CODE8X_DEC17
                 Restoration/Service/Remodel
Estimate:        074-0000260-2017

EXHIBIT C

074-0000260-2017

## Building Permit

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1.  Taxes, insurance, permits & fees (Bid Item)<br>*Cost to be determined when incurred.* | 1.00 EA | 0.00 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| **Totals:  Building Permit** | | | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |

## Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 2.  Remove Tear off, haul and dispose of modified bitumen roofing | 10.39 SQ | 44.72 | 0.00 | 92.92 | 557.56 | (0.00) | 557.56 |
| 3.  R&R Cap flashing | 66.00 LF | 18.92 | 54.43 | 260.64 | 1,563.79 | (0.00) | 1,563.79 |
| 4.  Insulation - ISO board, 3 1/2" | 10.39 SQ | 364.34 | 130.03 | 783.10 | 4,698.62 | (0.00) | 4,698.62 |
| 5.  Modified bitumen roof | 10.91 SQ | 340.18 | 80.06 | 758.30 | 4,549.72 | (0.00) | 4,549.72 |
| 6.  Central air - condenser unit - Detach & reset | 1.00 EA | 670.02 | 0.00 | 134.00 | 804.02 | (0.00) | 804.02 |
| 7.  R&R Commerical heater - flue cap * | 8.00 EA | 250.00 | 50.18 | 410.04 | 2,460.22 | (0.00) | 2,460.22 |
| 8.  R&R Exhaust cap - through roof - 6" to 8" | 3.00 EA | 101.19 | 7.11 | 62.14 | 372.82 | (0.00) | 372.82 |
| 9.  R&R Flashing - pipe jack | 2.00 EA | 55.29 | 1.19 | 22.36 | 134.13 | (0.00) | 134.13 |
| **Totals:  Roof** | | | **323.00** | **2,523.50** | **15,140.88** | **0.00** | **15,140.88** |

## Gutters/Down Spouts

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 10.  R&R Down Spouts - aluminum - up to 5"* | 74.00 LF | 6.51 | 11.77 | 98.70 | 592.21 | (0.00) | 592.21 |
| **Totals:  Gutters/Down Spouts** | | | **11.77** | **98.70** | **592.21** | **0.00** | **592.21** |

## Siding

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 11.  R&R Siding - steel - Commercial - High grade | 3,183.90 SF | 7.70 | 1,027.86 | 5,108.80 | 30,652.69 | (0.00) | 30,652.69 |
| 12.  R&R Wrap wood garage door frame & trim with aluminum (PER LF) | 150.00 LF | 13.72 | 22.26 | 416.06 | 2,496.32 | (0.00) | 2,496.32 |
| 13.  Exterior light fixture - Detach & reset | 1.00 EA | 64.01 | 0.00 | 12.80 | 76.81 | (0.00) | 76.81 |

EXHIBIT C

**CONTINUED - Siding**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 14. Scaffold - per section (per week) | 20.00 WK | 48.00 | 0.00 | 192.00 | 1,152.00 | (0.00) | 1,152.00 |
| 15. Scaffolding Setup & Take down - per hour | 6.00 HR | 42.51 | 0.00 | 51.02 | 306.08 | (0.00) | 306.08 |
| **Totals: Siding** | | | **1,050.12** | **5,780.68** | **34,683.90** | **0.00** | **34,683.90** |

### Doors

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 16. R&R Sectional overhead door, 20' x 14' - insulated* | 2.00 EA | 7,847.51 | 260.87 | 3,191.20 | 19,147.09 | (0.00) | 19,147.09 |
| 17. R&R Steel door, 3' x 7' | 1.00 EA | 293.19 | 17.21 | 62.08 | 372.48 | (0.00) | 372.48 |
| 18. Door lockset & deadbolt - exterior - Detach & reset | 1.00 EA | 30.52 | 0.00 | 6.10 | 36.62 | (0.00) | 36.62 |
| 19. Seal & paint door slab only (per side) | 2.00 EA | 28.77 | 1.08 | 11.72 | 70.34 | (0.00) | 70.34 |
| **Totals: Doors** | | | **279.16** | **3,271.10** | **19,626.53** | **0.00** | **19,626.53** |

### Windows

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 20. R&R Aluminum window, horiz. slider 12-23 sf | 2.00 EA | 264.28 | 25.09 | 110.74 | 664.39 | (0.00) | 664.39 |
| 21. Additional charge for a retrofit window, 12-23 sf | 2.00 EA | 102.13 | 2.21 | 41.30 | 247.77 | (0.00) | 247.77 |
| **Totals: Windows** | | | **27.30** | **152.04** | **912.16** | **0.00** | **912.16** |

### Painting

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 22. Clean with pressure/chemical spray | 264.00 SF | 0.33 | 0.20 | 17.46 | 104.78 | (0.00) | 104.78 |
| 23. Seal & paint wood siding | 264.00 SF | 1.05 | 7.47 | 56.94 | 341.61 | (0.00) | 341.61 |
| 24. Prime & paint exterior fascia - wood, 4"- 6" wide | 66.00 LF | 1.28 | 0.81 | 17.06 | 102.35 | (0.00) | 102.35 |
| **Totals: Painting** | | | **8.48** | **91.46** | **548.74** | **0.00** | **548.74** |

EXHIBIT C

### Sign

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 25. R&R Commercial sign face | 24.00 SF | 30.21 | 45.90 | 154.20 | 925.14 | (0.00) | 925.14 |
| **Totals: Sign** | | | **45.90** | **154.20** | **925.14** | **0.00** | **925.14** |



### Interior

**LxWxH 24' 2" x 9' 6" x 8'**

| 538.67 SF Walls | 229.58 SF Ceiling |
|---|---|
| 768.25 SF Walls & Ceiling | 229.58 SF Floor |
| 25.51 SY Flooring | 67.33 LF Floor Perimeter |
| 193.33 SF Long Wall | 76.00 SF Short Wall |
| 67.33 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 26. Contents - move out then reset - Large room | 1.00 EA | 86.97 | 0.00 | 17.40 | 104.37 | (0.00) | 104.37 |
| 27. Tear out wet drywall, cleanup, bag for disposal | 229.58 SF | 0.97 | 2.63 | 45.06 | 270.38 | (0.00) | 270.38 |
| 28. Tear out and bag wet insulation | 229.58 SF | 0.81 | 1.05 | 37.42 | 224.43 | (0.00) | 224.43 |
| 29. Apply anti-microbial agent to the ceiling | 229.58 SF | 0.26 | 0.53 | 12.04 | 72.26 | (0.00) | 72.26 |
| 30. Batt insulation - 6" - R19 - paper faced | 229.58 SF | 0.97 | 10.89 | 46.72 | 280.30 | (0.00) | 280.30 |
| 31. 5/8" drywall - hung, taped, floated, ready for paint | 229.58 SF | 2.20 | 10.19 | 103.06 | 618.33 | (0.00) | 618.33 |
| 32. Seal/prime then paint the ceiling (2 coats) | 229.58 SF | 0.73 | 2.63 | 34.04 | 204.26 | (0.00) | 204.26 |
| 33. Clean and deodorize carpet | 229.58 SF | 0.48 | 0.18 | 22.08 | 132.46 | (0.00) | 132.46 |
| 34. Final cleaning - construction - Commercial | 229.58 SF | 0.21 | 0.00 | 9.64 | 57.85 | (0.00) | 57.85 |
| **Totals: Interior** | | | **28.10** | **327.46** | **1,964.64** | **0.00** | **1,964.64** |

### Debris Removal

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 35. Dumpster load - Approx. 40 yards, 7-8 tons of debris | 2.00 EA | 662.39 | 0.00 | 264.96 | 1,589.74 | (0.00) | 1,589.74 |
| **Totals: Debris Removal** | | | **0.00** | **264.96** | **1,589.74** | **0.00** | **1,589.74** |

### Property Access/Management

EXHIBIT C

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 36. Commercial Supervision / Project Management - per hour | 40.00 HR | 63.82 | 0.00 | 510.56 | 3,063.36 | (0.00) | 3,063.36 |
| **Totals: Property Access/Management** | | | **0.00** | **510.56** | **3,063.36** | **0.00** | **3,063.36** |
| **Line Item Totals: 074-0000260-2017** | | | **1,773.83** | **13,174.66** | **79,047.30** | **0.00** | **79,047.30** |

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 538.67 | SF Walls | 229.58 | SF Ceiling | 768.25 | SF Walls and Ceiling |
| 229.58 | SF Floor | 25.51 | SY Flooring | 67.33 | LF Floor Perimeter |
| 193.33 | SF Long Wall | 76.00 | SF Short Wall | 67.33 | LF Ceil. Perimeter |
| | | | | | |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 0.00 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| | | | | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

EXHIBIT C

DATE FILED: April 27, 2018 3:17 PM
FILING ID: 6DBF536B5A501
CASE NUMBER: 2018CV30676

Insured:     Designer Marble of Colorado INC DBA Benray
             Designer Marble
Property:    190 S Taft St
             Lakewood, CO 80228

Home:    (303) 980-9110
E-mail:  Lonnie@benraymarble.com

Claim Rep.:   Geoff Page
Position:     Field Claims Representati
Company:      Auto Owners Insurance Company
Business:     9785 Maroon Cir Suite 155
              Englewood, CO 80112

Business:  (844) 296-4055 x 5767
E-mail:    Southdenver.clm@aoins.com

Estimator:    Geoff Page
Position:     Field Claims Representati
Company:      Auto Owners Insurance Company
Business:     9785 Maroon Cir Suite 155
              Englewood, CO 80112

Business:  (844) 296-4055 x 5767
E-mail:    Southdenver.clm@aoins.com

Claim Number: 074-0000260-2017

Policy Number: 12463274052795

Type of Loss: Hail

Date Contacted:   5/10/2017 5:00 PM
Date of Loss:     5/8/2017 5:00 PM
Date Inspected:   5/17/2017 12:00 PM
Completed:        3/20/2018 2:10 PM

Date Received:  5/9/2017 8:00 PM
Date Entered:   5/19/2017 7:53 AM

Price List:   CODE8X_MAY17
              Restoration/Service/Remodel
Estimate:     DESIGNER[1]

This is a repair estimate only and not an offer of settlement. All estimate figures may be subject to additional review and approval. This is not an authorization to repair or guarantee of payment. Authorization to repair and/or guarantee of payment must come from the owner of the property. The insurer assumes no responsibility for the quality nor any changes in repairs.



**Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

## DESIGNER[1]

### Right Elevation

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1. R&R Downspout - aluminum - up to 5"* | 74.00 LF | 5.79 | 11.54 | 440.00 | (81.64) | 358.36 |
| Totals: Right Elevation | | | 11.54 | 440.00 | 81.64 | 358.36 |

### Business Personal Property

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 2. Table type row desk | 4.00 LF | 75.96 | 18.05 | 321.89 | (160.95) | 160.94 |
| Totals: Business Personal Property | | | 18.05 | 321.89 | 160.95 | 160.94 |

### Location 1 Sign

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 3. R&R Commercial sign face Allowance to replace damaged sign. | 24.00 SF | 29.36 | 45.00 | 749.64 | (359.34) | 390.30 |
| Totals: Location 1 Sign | | | 45.00 | 749.64 | 359.34 | 390.30 |

### Debris Removal

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 4. Dumpster load - Approx. 20 yards, 4 tons of debris Restoration Debris | 1.00 EA | 455.56 | 0.00 | 455.56 | (0.00) | 455.56 |
| Totals: Debris Removal | | | 0.00 | 455.56 | 0.00 | 455.56 |

### Loc 1 Bldg 1 Supplement

#### Exterior Elevations

| CRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| ER[1] | | | | | | |

3/20/2018

Page: 2



# Catastrophe Specialist, Inc.

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

## CONTINUED - Exterior Elevations

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 5. R&R Sectional overhead door, 14' x 10' | 4.00 EA | -1,376.39 | -280.50 | -5,786.06 | (0.00) | -5,786.06 |
| Credit to replace two 20 x 14 overhead doors on previous payment. | | | | | | |
| 6. Doors (Bid Item) | 1.00 EA | 15,695.00 | 0.00 | 15,695.00 | (7,847.50) | 7,847.50 |
| See enclosed bid for overhead door replacement | | | | | | |
| 7. Scaffolding (Bid Item) | 1.00 EA | 1,458.08 | 0.00 | 1,458.08 | (0.00) | 1,458.08 |
| For siding replacement | | | | | | |
| 8. R&R Siding - steel - Commercial - High grade | 943.93 SF | 7.08 | 298.75 | 6,981.77 | (1,099.13) | 5,882.64 |
| Correction from aluminum siding | | | | | | |
| 9. R&R Aluminum window, horiz. slider 12-23 sf | 2.00 EA | 251.09 | 24.60 | 526.78 | (488.22) | 38.56 |
| 10. Additional charge for a retrofit window, 12-23 sf | 1.00 EA | 100.27 | 1.08 | 101.35 | (101.35) | 0.00 |
| **Totals: Exterior Elevations** | | | 43.93 | 18,976.92 | 9,536.20 | 9,440.72 |
| **Total: Loc 1 Bldg 1 Supplement** | | | 43.93 | 18,976.92 | 9,536.20 | 9,440.72 |

## SKETCH1

### Front Elevation

**Front Elevation Metal**

Height: 4"



54.77 SF Walls
1464.77 SF Walls & Ceiling
94.44 SY Flooring
164.30 LF Ceil. Perimeter

1410.00 SF Ceiling
850.00 SF Floor
164.30 LF Floor Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 11. R&R Sectional overhead door, 14' x 10' | 4.00 EA | 1,376.39 | 280.50 | 5,786.06 | (2,357.73) | 3,428.33 |
| Allowance to replace two 20 x 14 overhead doors. Xactimate does not have 20 x 14 doors. Doors are 280 sqft each. | | | | | | |
| 12. R&R Wrap garage door frame & trim with aluminum (PER LF)* | 96.00 LF | 11.94 | 14.26 | 1,160.50 | (297.18) | 863.32 |
| 13. Exterior light fixture - Detach & reset | 1.00 EA | 64.01 | 0.00 | 64.01 | (0.00) | 64.01 |
| 14. R&R Steel door, 3' x 7' | 1.00 EA | 229.43 | 12.68 | 242.11 | (34.39) | 207.72 |
| 15. Door lockset - Detach & reset | 1.00 EA | 21.80 | 0.00 | 21.80 | (0.00) | 21.80 |
| 16. Paint door slab only - 2 coats (per side) | 1.00 EA | 28.16 | 0.48 | 28.64 | (28.64) | 0.00 |
| **Totals: Front Elevation Metal** | | | 307.92 | 7,303.12 | 2,717.94 | 4,585.18 |

DESIGNER[1]

3/20/2018

Page: 3

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988



### Front Elevation Wood

Height: 4"

20.67 SF Walls
204.67 SF Walls & Ceiling
10.83 SY Flooring
62.00 LF Ceil. Perimeter

184.00 SF Ceiling
97.51 SF Floor
62.00 LF Floor Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 17. Clean with pressure/chemical spray | 155.01 SF | 0.33 | 0.12 | 51.27 | (0.00) | 51.27 |
| Allowance to pressure wash prior to painting. | | | | | | |
| 18. Paint wood siding - 1 coat | 97.51 SF | 0.67 | 1.61 | 66.94 | (22.32) | 44.62 |
| 19. Paint exterior soffit - wood - 1 coat | 34.50 SF | 1.07 | 0.49 | 37.41 | (12.47) | 24.94 |
| Paint from the wood siding is continuous with the soffit. | | | | | | |
| 20. Paint exterior fascia - 1 coat - wood, 6"- 8" wide | 23.00 LF | 1.07 | 0.24 | 24.85 | (8.28) | 16.57 |
| **Totals: Front Elevation Wood** | | | 2.46 | 180.47 | 43.07 | 137.40 |
| **Total: Front Elevation** | | | 310.38 | 7,483.59 | 2,761.01 | 4,722.58 |
| **Total: SKETCH1** | | | 310.38 | 7,483.59 | 2,761.01 | 4,722.58 |

Source - Geomni Roof

Source - Geomni Roof



### Mod Bit Roof

11176.82 Surface Area
575.55 Total Perimeter Length

111.77 Number of Squares
140.16 Total Ridge Length

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 21. R&R Flash parapet wall only - bitumen | 25.00 LF | 13.96 | 4.97 | 353.97 | (311.22) | 42.75 |
| 22. Roofer - per hour | 4.00 HR | 115.02 | 0.00 | 460.08 | (0.00) | 460.08 |
| Additional labor hours to tie in the metal siding and existing roof | | | | | | |
| **Totals: Mod Bit Roof** | | | 4.97 | 814.05 | 311.22 | 502.83 |
| **Total: Source - Geomni Roof** | | | 4.97 | 814.05 | 311.22 | 502.83 |
| **Total: Source - Geomni Roof** | | | 4.97 | 814.05 | 311.22 | 502.83 |

DESIGNER[1]

3/20/2018          Page: 4

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX  75402

Ph:972-673-0984
Fax: 972-673-0988

**Line Item Totals: DESIGNER[1]**

| | 433.87 | 29,241.65 | 13,210.36 | 16,031.29 |

## Grand Total Areas:

| 75.43 SF Walls | 1,594.00 SF Ceiling | 1,669.43 SF Walls and Ceiling |
| 947.51 SF Floor | 105.28 SY Flooring | 226.30 LF Floor Perimeter |
| 0.00 SF Long Wall | 0.00 SF Short Wall | 226.30 LF Ceil. Perimeter |

| 947.51 Floor Area | 947.51 Total Area | 75.43 Interior Wall Area |
| 13,868.69 Exterior Wall Area | 840.79 Exterior Perimeter of Walls | |

| 11,421.80 Surface Area | 114.22 Number of Squares | 639.75 Total Perimeter Length |
| 159.77 Total Ridge Length | 0.00 Total Hip Length | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Location 1  Bldg1 | 9,821.33 | 33.59% | 6,077.89 | 37.91% |
| Location 1 Business Personal Property | 321.89 | 1.10% | 160.94 | 1.00% |
| Location 1 Sign 1 | 749.64 | 2.56% | 390.30 | 2.43% |
| Loc 1 Bldg 1 Supplement | 18,348.79 | 62.75% | 9,402.16 | 58.65% |
| Total | 29,241.65 | 100.00% | 16,031.29 | 100.00% |

DESIGNER[1]

3/20/2018      Page: 5

EXHIBIT D

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

## Summary for Location 1 Bldg1

| | |
|---|---:|
| Line Item Total | 9,468.76 |
| Material Sales Tax | 352.57 |
| **Replacement Cost Value** | **$9,821.33** |
| Less Depreciation | (3,743.44) |
| **Actual Cash Value** | **$6,077.89** |
| Less Deductible | (500.00) |
| **Net Claim** | **$5,577.89** |
| Total Recoverable Depreciation | 3,743.44 |
| **Net Claim if Depreciation is Recovered** | **$9,321.33** |

Geoff Page
Field Claims Representati

DESIGNER[1]

3/20/2018          Page: 6

EXHIBIT D

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

## Summary for Location 1 Business Personal Property

| Line Item Total | |
|---|---|
| Material Sales Tax | 303.84 |
| | 18.05 |
| **Replacement Cost Value** | |
| Less Depreciation | **$321.89** |
| | (160.95) |
| **Actual Cash Value** | |
| Net Claim | **$160.94** |
| | **$160.94** |
| Total Recoverable Depreciation | |
| | 160.95 |
| **Net Claim if Depreciation is Recovered** | |
| | **$321.89** |

Geoff Page
Field Claims Representati

DESIGNER[1]

3/20/2018          Page: 7

EXHIBIT D

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

## Summary for Location 1 Sign 1

| | |
|---|---:|
| Line Item Total | 704.64 |
| Material Sales Tax | 45.00 |
| **Replacement Cost Value** | **$749.64** |
| Less Depreciation | (359.34) |
| **Actual Cash Value** | **$390.30** |
| **Net Claim** | **$390.30** |
| Total Recoverable Depreciation | 359.34 |
| **Net Claim if Depreciation is Recovered** | **$749.64** |

Geoff Page
Field Claims Representati

DESIGNER[1]

EXHIBIT D

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

## Summary for Loc 1 Bldg 1 Supplement

| | |
|---|---|
| Line Item Total | |
| Material Sales Tax | 18,330.54 |
| | 18.25 |
| **Replacement Cost Value** | **$18,348.79** |
| Less Depreciation | (8,946.63) |
| **Actual Cash Value** | **$9,402.16** |
| **Net Claim** | **$9,402.16** |
| Total Recoverable Depreciation | 8,946.63 |
| **Net Claim if Depreciation is Recovered** | **$18,348.79** |

Geoff Page
Field Claims Representati

DESIGNER[1]

3/20/2018          Page: 9

EXHIBIT D

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

## Recap of Taxes

|  | Material Sales Tax (7.5%) | Manuf. Home Tax (7.5%) | Storage Rental Tax (7.5%) | Local Food Tax (4.6%) |
|---|---|---|---|---|
| Line Items | 433.87 | 0.00 | 0.00 | 0.00 |
| Total | 433.87 | 0.00 | 0.00 | 0.00 |

DESIGNER[1]

EXHIBIT D

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX  75402

Ph:972-673-0984
Fax:  972-673-0988

## Recap by Room

**Estimate: DESIGNER[1]**

| | | | |
|---|---|---|---|
| **Right Elevation** | | 428.46 | 1.49% |
| Coverage: Location 1  Bldg1 | 100.00% = | 428.46 | |
| **Business Personal Property** | | 303.84 | 1.05% |
| Coverage: Location 1 Business Personal Property | 100.00% = | 303.84 | |
| **Location 1 Sign** | | 704.64 | 2.45% |
| Coverage: Location 1 Sign 1 | 100.00% = | 704.64 | |
| **Debris Removal** | | 455.56 | 1.58% |
| Coverage: Location 1  Bldg1 | 100.00% = | 455.56 | |

**Area: Loc 1 Bldg 1 Supplement**

| | | | |
|---|---|---|---|
| **Exterior Elevations** | | 18,932.99 | 65.72% |
| Coverage: Location 1  Bldg1 | 3.18% = | 602.45 | |
| Coverage: Loc 1 Bldg 1 Supplement | 96.82% = | 18,330.54 | |

| | | | |
|---|---|---|---|
| **Area Subtotal:  Loc 1 Bldg 1 Supplement** | | 18,932.99 | 65.72% |
| Coverage: Location 1  Bldg1 | 3.18% = | 602.45 | |
| Coverage: Loc 1 Bldg 1 Supplement | 96.82% = | 18,330.54 | |

**Area: SKETCH1**

**Area: Front Elevation**

| | | | |
|---|---|---|---|
| **Front Elevation Metal** | | 6,995.20 | 24.28% |
| Coverage: Location 1  Bldg1 | 100.00% = | 6,995.20 | |
| **Front Elevation Wood** | | 178.01 | 0.62% |
| Coverage: Location 1  Bldg1 | 100.00% = | 178.01 | |

| | | | |
|---|---|---|---|
| **Area Subtotal:  Front Elevation** | | 7,173.21 | 24.90% |
| Coverage: Location 1  Bldg1 | 100.00% = | 7,173.21 | |

| | | | |
|---|---|---|---|
| **Area Subtotal:  SKETCH1** | | 7,173.21 | 24.90% |
| Coverage: Location 1  Bldg1 | 100.00% = | 7,173.21 | |

**Area: Source - Geomni Roof**

**Area: Source - Geomni Roof**

| | | | |
|---|---|---|---|
| **Mod Bit Roof** | | 809.08 | 2.81% |
| Coverage: Location 1  Bldg1 | 100.00% = | 809.08 | |

| | | | |
|---|---|---|---|
| **Area Subtotal:  Source - Geomni Roof** | | 809.08 | 2.81% |
| Coverage: Location 1  Bldg1 | 100.00% = | 809.08 | |

DESIGNER[1]

3/20/2018          Page  11

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

| | | | |
|---|---|---|---|
| **Area Subtotal: Source - Geomni Roof** | | **809.08** | **2.81%** |
| Coverage: Location 1 Bldg1 | 100.00% = | 809.08 | |
| **Subtotal of Areas** | | **28,807.78** | **100.00%** |
| Coverage: Location 1 Bldg1 | 32.87% = | 9,468.76 | |
| Coverage: Location 1 Business Personal Property | 1.05% = | 303.84 | |
| Coverage: Location 1 Sign 1 | 2.45% = | 704.64 | |
| Coverage: Loc 1 Bldg 1 Supplement | 63.63% = | 18,330.54 | |
| **Total** | | **28,807.78** | **100.00%** |

EXHIBIT D

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

## Recap by Category with Depreciation

| Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| **CLEANING** | | | 51.15 | | 51.15 |
| Coverage: Location 1 Bldg1 | @ | 100.00% = | 51.15 | | |
| **GENERAL DEMOLITION** | | | 1,169.39 | | 1,169.39 |
| Coverage: Location 1 Bldg1 | @ | 88.60% = | 1,036.10 | | |
| Coverage: Location 1 Sign 1 | @ | 2.65% = | 30.96 | | |
| Coverage: Loc 1 Bldg 1 Supplement | @ | 8.75% = | 102.33 | | |
| **DOORS** | | | 15,911.62 | 10,117.51 | 5,794.11 |
| Coverage: Location 1 Bldg1 | @ | 34.17% = | 5,437.50 | | |
| Coverage: Loc 1 Bldg 1 Supplement | @ | 65.83% = | 10,474.12 | | |
| **MISC. EQUIPMENT - COMMERCIAL** | | | 977.52 | 488.76 | 488.76 |
| Coverage: Location 1 Business Personal Property | @ | 31.08% = | 303.84 | | |
| Coverage: Location 1 Sign 1 | @ | 68.92% = | 673.68 | | |
| **FINISH HARDWARE** | | | 21.80 | | 21.80 |
| Coverage: Location 1 Bldg1 | @ | 100.00% = | 21.80 | | |
| **LIGHT FIXTURES** | | | 64.01 | | 64.01 |
| Coverage: Location 1 Bldg1 | @ | 100.00% = | 64.01 | | |
| **PAINTING** | | | 155.02 | 70.45 | 84.57 |
| Coverage: Location 1 Bldg1 | @ | 100.00% = | 155.02 | | |
| **ROOFING** | | | 766.33 | 306.25 | 460.08 |
| Coverage: Location 1 Bldg1 | @ | 100.00% = | 766.33 | | |
| **SCAFFOLDING** | | | 1,458.08 | | 1,458.08 |
| Coverage: Loc 1 Bldg 1 Supplement | @ | 100.00% = | 1,458.08 | | |
| **SIDING** | | | 7,272.33 | 1,342.24 | 5,930.09 |
| Coverage: Location 1 Bldg1 | @ | 13.43% = | 976.32 | | |
| Coverage: Loc 1 Bldg 1 Supplement | @ | 86.57% = | 6,296.01 | | |
| **SOFFIT, FASCIA, & GUTTER** | | | 396.64 | 79.33 | 317.31 |
| Coverage: Location 1 Bldg1 | @ | 100.00% = | 396.64 | | |
| **WINDOWS - ALUMINUM** | | | 563.89 | 563.89 | 0.00 |
| Coverage: Location 1 Bldg1 | @ | 100.00% = | 563.89 | | |
| **Subtotal** | | | 28,807.78 | 12,968.43 | 15,839.35 |
| **Material Sales Tax** | | | 433.87 | 241.93 | 191.94 |
| Coverage: Location 1 Bldg1 | @ | 81.26% = | 352.57 | | |
| Coverage: Location 1 Business Personal Property | @ | 4.16% = | 18.05 | | |
| Coverage: Location 1 Sign 1 | @ | 10.37% = | 45.00 | | |
| Coverage: Loc 1 Bldg 1 Supplement | @ | 4.21% = | 18.25 | | |
| **Total** | | | 29,241.65 | 13,210.36 | 16,031.29 |

DESIGNER[1]

EXHIBIT D

 **Catastrophe Specialist, Inc.**

2708 Sunset Strip Ste D
Greenville, TX 75402

Ph:972-673-0984
Fax: 972-673-0988

**NOTICE:** This is an estimate for repairs and a copy of this document does not constitute settlement of claim. The above figures may be subject to additional company review and approval. Your loss will be settled on an actual cash value basis and your policy may contain a replacement cost provision. If it contains such a provision, full cost of replacement can be considered if the property is actually replaced. You have the right to make further claim under this provision within 180 days after the loss. All policy terms and conditions apply to this claim.

DESIGNER[1]

3/20/2018          Page: 14

EXHIBIT D



**INSURANCE**

LIFE · HOME · CAR · BUSINESS

**Owners Insurance Company**

**SOUTH DENVER BRANCH**

CLAIM #: 74-260-2017
DATE OF LOSS: 5/8/17
RE: **COMMERCIAL REPAIR CLAIM**

9785 MAROON CIRCLE, SUITE 155 ENGLEWOOD, CO 80112

**844-296-4055**     SOUTHDENVER.CLM@AOINS.COM

Dear Designer Marble of Colorado Inc

In review and verification of your loss, we believe that the enclosed repair estimate is an acceptable amount to repair or replace your covered damaged property. Please refer to this estimate as it provides a breakdown of the following amounts: actual cash value, replacement cost and deductible.

The initial payment enclosed is the actual cash value of your covered damaged property. less any applicable policy deductible. Actual cash value is calculated based on state law and your policy.

- **Recoverable Depreciation: If you have replacement cost coverage and you complete the repairs, you may claim an additional payment up to $ 13,210.36**

- **Non-Recoverable Depreciation: $**

If there are any cost differences or newly discovered covered damage not included in the enclosed repair estimate, immediately report that information to the claims office above. We must be given the opportunity to inspect and verify these differences.

> You may make a further claim and receive up to the recoverable depreciation amount shown above, if you have the applicable coverage and complete the following:
>
> 1. **Notify us within 180 days after the loss or damage of your intent to make a replacement cost claim.**
> 2. **Complete the repair or replacement as soon as reasonably possible after the loss or damage.**
>
> To receive the replacement cost payment, please submit the following to the address above:
>
> - The contractor's final invoice, photos of repaired property and other documentation we may further request. We reserve the right to inspect the repaired property.
>
>   If approved, _____ Owners _____ Insurance Company will reimburse you up to the actual cost of covered repairs incurred or the depreciation that was withheld, whichever is less.

Please consider a contractor that is licensed, insured and bonded. We do not guarantee or warranty the contractor's work.

Only you, your lien holders or mortgagees have a legal interest to authorize repairs. Your mortgagee often has the right of inspection and approval.

Thank you for your business and the opportunity to service your insurance needs. If you have any questions at all, please contact our office.

This is not a SWORN STATEMENT IN PROOF OF LOSS as required by the policy. A PROOF OF LOSS must still be submitted to the company within 60 days of the date of loss stated above.

All rights, terms, conditions, and exclusions in the policy are in full force and effect and are completely reserved. No action by any employee, agent, attorney or other person on behalf of _____ ·Owners _____ Insurance Company; or hired by _____ Owners _____ Insurance Company on your behalf; shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy.

Thank you for your business and the opportunity to service your insurance needs. If you have any questions at all, please contact our office.

EXHIBIT D

ALABAMA STATUTES PROVIDE THAT "Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution, fines, or confinement in prison, or any combination thereof."

ARIZONA STATUTES PROVIDE THAT "For your protection Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties."

ARKANSAS STATUTES PROVIDE THAT "Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison."

COLORADO STATUTES PROVIDE THAT "It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies."

FLORIDA STATUTES PROVIDE THAT "Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree."

IDAHO STATUTES PROVIDE THAT "Any person who knowingly, and with intent to defraud or deceive any insurance company, files a statement of claim containing any false, incomplete, or misleading information is guilty of a felony."

INDIANA STATE STATUES PROVIDE THAT "A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony."

KENTUCKY STATUTES PROVIDE THAT "Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime."

MINNESOTA STATUTES PROVIDE THAT "A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime."

OHIO STATUTES PROVIDE THAT "Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud."

PENNSYLVANIA STATUTES PROVIDE THAT "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties" and "Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000."

TENNESSEE STATUTES PROVIDE THAT "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits."

VIRGINIA STATUTES PROVIDE THAT "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits."

EXHIBIT D



Owners Insurance Company

LIFE · HOME · CAR · BUSINESS

## PAYMENT RECEIPT

DATE: 5/8/17                           CLAIM NUMBER: 74-260-2017

NAMED INSURED: Designer Marble of Colorado Inc    DATE OF LOSS:  5/8/17

This receipt confirms you have received a payment in the amount of $ ___2,768.74___ under the ___ building ___ portion of your policy for Designer Marble of Colorado Inc

This is not a SWORN STATEMENT IN PROOF OF LOSS as required by the policy. A PROOF OF LOSS must still be submitted to the company, as required by your policy.

This payment is not intended to change or modify any of the conditions, terms, provisions or requirements contained in the policy. Any obligations or legal rights which may now or hereafter be available to you or the company are reserved.

All rights, terms, conditions and exclusions in your policy are in full force and effect and are completely reserved.

**Payment method:**    ☒ Check    ☐ Claim Card    ☐ Other

.

98100 (9-16)

OVER

EXHIBIT D

ALABAMA STATUTES PROVIDE THAT "Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution, fines, or confinement in prison, or any combination thereof."

ARIZONA STATUTES PROVIDE THAT "For your protection Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties."

ARKANSAS STATUTES PROVIDE THAT "Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison."

COLORADO STATUTES PROVIDE THAT "It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado division of insurance within the department of regulatory agencies."

FLORIDA STATUTES PROVIDE THAT "Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree."

IDAHO STATUTES PROVIDE THAT "Any person who knowingly, and with intent to defraud or deceive any insurance company, files a statement of claim containing any false, incomplete, or misleading information is guilty of a felony."

INDIANA STATE STATUES PROVIDE THAT "A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony."

KENTUCKY STATUTES PROVIDE THAT "Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime."

MINNESOTA STATUTES PROVIDE THAT "A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime."

OHIO STATUTES PROVIDE THAT "Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud."

PENNSYLVANIA STATUTES PROVIDE THAT "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties" and "Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000."

TENNESSEE STATUTES PROVIDE THAT "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits."

VIRGINIA STATUTES PROVIDE THAT "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits."

EXHIBIT D